## STATE v. DAVID MORGAN.[1]

January 11, 1952.

No. 35,559.

*Z. L. Begin* and *Donald J. Merriman,* for appellant.

*J. A. A. Burnquist,* Attorney General, *Charles E. Houston,* Assistant Attorney General, and *C. J. Donnelly,* County Attorney, for the State.

THOMAS GALLAGHER, JUSTICE.

Defendant was convicted of the crime of carnal knowledge of a female child of the age of 16 and appeals from an order denying his

---

[1]Reported in 51 N. W. (2d) 61.

motion for a new trial. The motion was based upon alleged errors of the court in (1) overruling his challenge to the jury panel, and (2) denying his motion for a new trial for misconduct of counsel for the state in his argument to the jury.

Defendant's challenge to the petit jury was based upon failure of the county board to comply with M. S. A. 593.13, which provides:

"The county board, at its annual session in January, shall select, from the qualified voters of the county, * * * 144 persons to serve as petit jurors, and make separate lists thereof, which shall be certified and signed by the chairman, attested by the auditor, and forthwith delivered to the clerk of the district court. If in any county the board is unable to select the required number, the highest practicable number shall be sufficient."

Defendant established that actually only 133 names had been placed on the list of petit jurors by the board. No evidence was submitted as to why it was not practicable to select the requisite number of 144 or to establish that there had been a substantial compliance with § 593.13.

Defendant challenged the jury on the further ground that the county board's list of names had not been attested by the county auditor as required by § 593.13, in that the latter had not affixed the county seal thereto.

■ From the record we can ascertain no reason why a full roster of 144 prospective jurors was not named by the county board. While evidence might have been submitted to show a substantial compliance with the statute or to establish that the highest practicable number available had been placed on the list, no such showing was made by the board. However, the apparent defects in this phase of the procedure do not form the basis of our decision here. They are mentioned so that upon retrial of this action, for the reasons hereinafter stated, there may be compliance with the statutory provision or evidence submitted showing the reasons for failure therein.

With respect to the absence of the county seal on the list submitted, we find no statutory violation. Section 593.13 provides that

the list "shall be certified and signed by the chairman, attested by the auditor, * * *." The evidence established that the list submitted was signed by the chairman and certified by the county auditor. There is no requirement for the affixing of the county seal, and the failure in this respect would not affect the validity of the instrument. Webster's New International Dictionary (2 ed.) (1947) defines the word "attest" as "To bear witness to; to certify; to affirm to be true or genuine; * * *." We have stated in State ex rel. Scotten v. Brill, 58 Minn. 152, 156, 59 N. W. 989, 990, that:

"* * * 'To certify' means to testify to a thing in writing, and the statute does not prescribe any particular form of certification."

Under these circumstances, we hold that the failure to affix the seal to the list did not render it defective.

■ Defendant asserts that counsel for the state was guilty of misconduct justifying a new trial in his final argument to the jury. Therein he stated:

"* * * What did he [defendant] do? He goes back there at one o'clock in the morning. Why would he go back there? You know the answer as well as I do. Again trying to show and blacken this young girl, trying to make you believe that she was the one. * * * I say he was burning, and he was burning with a hellish lust, a gratification of his own passions upon that young child sixteen years old. * * * David Morgan served time in the United States Navy. I wonder if he was fighting for a country that would tolerate this kind of act. There are boys now dying in Korea, fighting for a country that you and I live in, a country that you and I live in, and we don't have that kind of a country that will permit acts of this kind by a twenty-five year old man against a sixteen year old girl. * * * You tell me one other thing. Why an innocent man who had nothing to do with this girl would deliberately tell the sheriff that he did. Is Sheriff Rans lying to you in this case? Take it all into consideration and then you write your verdict. * * * You can turn Lois Volkman [complaining witness] out of this court, ladies and gentlemen, and tell her that she is to blame for her

condition. You can send David Morgan out of here and tell David, run along David, you did nothing wrong. Tell anyone else that has the same ideas that David Morgan has, the same thing."

Defendant had denied the accusations of the complainant. There is nothing to indicate that he was the aggressor in the affair or that he was "burning with a hellish lust." There was a sharp dispute as to what he had told the sheriff at the time of his arrest. The jury had the right to believe him as much as it did to believe the sheriff with reference thereto. Clearly, the argument of counsel for the state had the effect of inflaming the jury's passion and prejudice against defendant to the point where the verdict may have been influenced thereby at the cost of justice to defendant.

It is true that counsel for defendant did not take exception to such remarks at the time they were made. Notwithstanding this, we feel that the interests of justice require that a new trial be ordered because of our conviction that the statements referred to were bound to inflame the jury to the point where a sober and detached consideration of the evidence presented was impossible. In State v. Haney, 222 Minn. 124, 129, 23 N. W. (2d) 369, 372, where similar attempts were made to inflame the passion of the jury and to call upon them to support the sheriff, we stated:

"* * * Without doubt, the prejudicial argument was due to an excess of zeal rather than a determination to take unjust advantage of the accused. Nevertheless, the prejudice to defendant's rights was manifest, and the question arises as to whether, in the absence of exceptions, the trial court of its own motion should have intervened to protect defendant's rights. That is the crucial question. We think that it should have done so. The argument went so far in language calculated to inflame the prejudices of the jury that it was the duty of the court to intervene *sua sponte.*"

Based upon our decision in the Haney case, as well as our rulings in numerous other cases involving this question, we hold that the quoted remarks of counsel for the state were prejudicial to the extent of compelling reversal of the order denying defendant's mo-

tion for a new trial. See, State v. Silvers, 230 Minn. 12, 40 N. W. (2d) 630; Magistad v. Potter, 227 Minn. 570, 36 N. W. (2d) 400; State v. Palmer, 206 Minn. 185, 288 N. W. 160; State v. Boice, 157 Minn. 374, 196 N. W. 483; Berger v. United States, 295 U. S. 78, 55 S. Ct. 629, 79 L. ed. 1314; United States v. Johnson (3 Cir.) 129 F. (2d) 954, 144 A. L. R. 182, affirmed, 318 U. S. 189, 63 S. Ct. 549, 87 L. ed. 704; Aetna L. Ins. Co. v. Kelley (8 Cir.) 70 F. (2d) 589, 93 A. L. R. 471; Brown v. Walter (2 Cir.) 62 F. (2d) 798.

■ Defendant's counsel was substantially limited in his cross-examination of the complainant, particularly with reference to trips made by her to a neighboring city to visit a boy friend about the time the alleged wrongful acts of defendant were said to have taken place. Defendant was further limited in his own testimony as to the facts and circumstances surrounding his actions at the time in question. In view of the sharp conflict of the testimony on the principal issue, we feel that the court should permit extreme liberality on cross-examination, as well as in the direct testimony of the parties, since it is undoubtedly through this method only that the jury can properly determine where the truth is.

Reversed and new trial granted.