STATE of Minnesota, Respondent,

v.

Wayne Emil ABRAHAM, Appellant.

No. CX–82–1046.

Supreme Court of Minnesota.

Sept. 23, 1983.

C. Paul Jones, State Public Defender, Margaret La Marche, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, John F. Corbey, County Atty., Mankato, for respondent.

KELLEY, Justice.

Defendant was found guilty by a district court jury of charges of assault with a dangerous weapon and of being a felon in possession of firearm, Minn.Stat. §§ 609.11, 609.222, and 624.713, subds. 1(b) and 2 (1982). The trial court sentenced defendant to concurrent prison terms of 54 months for the assault conviction and 19 months for the possessory offense, executing the former and staying execution of the latter. The trial court later reduced the 54-month term to 34 months. On this appeal from judgment of conviction defendant seeks an outright reversal of the assault conviction on the ground that the evidence of his guilt of that offense was legally insufficient. Alternatively, he seeks a new trial on the ground that his first trial was unfair. This claim is based on (a) the admission of certain evidence relating to his prior convictions and (b) the trial court's refusal to submit the lesser-included offense of assault in the fourth degree. We affirm.

Defendant twice drove his Dodge Charger through a campground late at night, spinning his wheels, driving onto the grass, and generally frightening the campers. After being warned to stay away, defendant returned a half hour later and was confronted by the owners of the campground and one of the campers. When they told him that a sheriff's deputy was on the way, defendant tried to leave but was physically prevented from doing so. Defendant then said that he was "through fooling around" and he produced a handgun, but one of the campers grabbed his hand and held it down and one of the owners of the campgrounds removed the gun from his hand.

1. Defendant argues first that he was too intoxicated to form the requisite assaultive intent and that the state failed to prove that intent. He also argues that, even apart from the matter of intent, the state failed to prove he committed the offense of assault with a dangerous weapon. There is no merit to either contention. Without deciding whether defendant was even entitled to an instruction on the defense of voluntary intoxication—*see State v. Lindahl,* 309 N.W.2d 763, 767 (Minn.1981) —we simply hold that the jury was free to find that defendant's intoxication did not prevent him from forming any criminal intent. *State v. Olson,* 298 Minn. 551, 214 N.W.2d 777 (1974); *State v. Bonga,* 278 Minn. 181, 153 N.W.2d 127 (1967). We also hold that the state proved the elements of the offense of assault with a dangerous weapon, this case being distinguishable on its facts from *State v. Rempel,* 143 Minn. 88, 172 N.W. 920 (1919), relied on by defendant.

2. Defendant's contention that he was denied a fair trial is based on (a) the admission of certain evidence relating to his prior convictions and (b) the trial court's refusal to submit the lesser-included offense of assault in the fourth degree.

■ (a) Defendant's first claim is that the prosecutor not only improperly cross-examined him about his prior convictions but also improperly inquired into the facts underlying those convictions. We do not address this issue for two reasons. First, defense counsel did not object until the entire series of questions had been asked and answered and did not state on the record precisely what his objection was. Secondly, even if there was error, we are satisfied that it was not prejudicial, given the strength of the evidence against defendant, the weakness of the defense, and the fact that the jury already knew about defendant's prior felony convictions.[1]

. ■ (b) Defendant's claim that the trial court erred in refusing to submit the lesser-included offense of assault in the fourth degree is answered by our decision in *La-Mere v. State,* 278 N.W.2d 552 (Minn.1979). Here, as there, there was no rational basis for submitting the offense, the evidence being such that the only real issue for the jury was whether the defendant was guilty as charged or not guilty at all.

Affirmed.

---

1. In *State v. Moore,* 274 N.W.2d 505, 507 n. 4 (Minn.1979), we suggested that in the prosecution of a defendant for being a felon in possession of a firearm "a stipulation might be a way to keep the evidence of the prior conviction from the jury, evidence which potentially could influence the jury's determination of the possession issue." Defendant did not try to use this method to keep out the prior convictions, and accordingly certified copies of the prior felony convictions—a 1972 burglary conviction and a 1975 aggravated assault conviction— were admitted during the state's case-in-chief.