**STATE of Minnesota, Respondent,**

v.

**Mario RODRIGUEZ, Appellant..**

No. C4–92–1903.

Court of Appeals of Minnesota.

Aug. 31, 1993.

Review Denied Oct. 19, 1993.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey County Atty., Steven C.

DeCoster, Asst. County Atty., St. Paul, for respondent.

Mark D. Nyvold, Sp. Asst. Public Defender, St. Paul, for appellant.

Considered and decided by PETERSON, P.J., and RANDALL and NORTON, JJ.

## OPINION

PETERSON, Judge.

Appellant challenges the judgment of conviction and sentence for second degree felony murder and kidnapping under Minn.Stat. §§ 609.19(2), 609.25, subd. 1(2) (1990). We affirm as modified.

## FACTS

Appellant Mario Rodriguez was charged with felony murder in the death of 88–year–old Estelle Flaherty on March 29, 1992. The complaint alleged that Rodriguez and an accomplice, Roberto Castillo, stole the car in which Flaherty was sitting and then moved the elderly woman to a parked van, where she was not discovered until after her death from exposure to the cold weather.

The complaint charged Rodriguez with causing Flaherty's death while committing the felony of theft of a motor vehicle. At a pretrial conference, the state submitted an amended complaint charging Rodriguez with kidnapping and felony murder based upon the predicate felony of kidnapping. Although there were no attachments to the amended complaint, the trial court found probable cause based on the attachments to the original complaint.

In a statement to police, Rodriguez admitted he had accompanied Castillo with the knowledge that Castillo intended to steal a car. He admitted entering the Flaherty vehicle with Castillo. Even though they discovered Flaherty in the vehicle, Rodriguez said they took the vehicle and looked for a place to leave Flaherty where she would be found. They placed Flaherty in the back seat of a van parked in the parking lot of a University Avenue bar. The van was without a battery and had been temporarily taken out of service by its owner. Flaherty died of hypothermia and dehydration while in the van and her body was not discovered until two days later.

At trial, the state elicited from the police officer who had questioned Rodriguez that Rodriguez had a prior armed robbery conviction. During cross-examination of the officer, the defense introduced a tape recording of Rodriguez' statement to police. On re-cross-examination, defense counsel elicited the fact that Rodriguez had been arrested for auto theft, or tampering with an auto. When Rodriguez testified, his attorney questioned him about the prior armed robbery conviction. On cross-examination, the prosecutor explored this prior offense in more detail, after eliciting from Rodriguez that he had not intended to kill Flaherty and that he wanted the jury to know he was not a violent person.

The court granted Rodriguez' pretrial motion to disclose the name of the informant who had identified Rodriguez as a suspect in Flaherty's death. At trial, the investigating officer described the informant's call. Defense counsel objected to the term "kidnapping" used in this description because it stated a legal conclusion. The trial court overruled the defense objection because it had been the informant's choice of words.

The jury found Rodriguez guilty of both kidnapping and felony murder. The trial court adjudicated Rodriguez guilty of both crimes and sentenced him to concurrent terms of 270 months (for felony murder) and 102 months (for kidnapping). These sentences represent 50% upward departures. As a basis for departure, the court cited these aggravating factors: Flaherty's particular vulnerability due to her age and deteriorated physical health, and the particular cruelty of placing Flaherty in the van on a cold day with no means of summoning help.

## ISSUES

1. Did the trial court lack jurisdiction to proceed on the amended complaint?

2. Did the trial court abuse its discretion in admitting hearsay evidence?

3. Did the prosecutor commit prejudicial misconduct by questioning appellant about prior convictions?

4. Was appellant properly adjudicated guilty and sentenced for both kidnapping and felony murder?

5. Did the trial court abuse its discretion when it sentenced appellant to an upward durational departure based on the victim's vulnerability and the cruelty of the offense?

## ANALYSIS

### I.

Rodriguez contends the trial court lacked jurisdiction to proceed on the amended complaint due to defects in that document. A defendant may challenge the complaint by a motion to dismiss. Minn.R.Crim.P. 17.06. A defendant also may waive a challenge to the complaint by failing to challenge the jurisdiction of the court on appropriate grounds. *State v. Stagg*, 342 N.W.2d 124, 126 (Minn. 1984); *State v. Madison*, 281 Minn. 170, 176–77, 160 N.W.2d 680, 684–85 (1968), *cert. denied* 393 U.S. 1102, 89 S.Ct. 904, 21 L.Ed.2d 796 (1969). Rodriguez failed to challenge the complaint. Even if he had moved to dismiss the amended complaint, the record establishes that his rights were not prejudiced by any defect in that document. *See* Minn. R.Crim.P. 17.06, subd. 1.

### II.

Rodriguez argues the trial court abused its discretion in admitting the hearsay statement of an informant describing the offense as a "kidnapping." Rodriguez raises the hearsay objection to this testimony for the first time on appeal. At trial, defense counsel objected to this testimony only on grounds that it stated a legal conclusion. When the prosecutor elicited the fact that this term was used by the informant, and had not been added by the testifying police officer, the trial court overruled the objection "on that basis."

An objection must be specific as to the grounds for challenge. *See, e.g., State v. Abraham*, 338 N.W.2d 264, 266 (Minn.1983) (issue not addressed on appeal in part because defense counsel did not state precisely his objection on the record). Rodriguez' objection to the word "kidnapping" on grounds of a "legal conclusion" could not have alerted the trial court to the detailed hearsay and confrontation clause arguments Rodriguez now raises on appeal. *See State v. Roby*, 463 N.W.2d 506, 508 (Minn.1990) (defense claim before trial court that probable cause for arrest was lacking was insufficient to preserve *Payton* house arrest issue on appeal). Even if the hearsay issue were properly raised on appeal, however, any error in admitting the testimony would be harmless. The term "kidnapping" was a single word in a lengthy trial in which Rodriguez himself admitted, at least implicitly, all the elements of the crime of kidnapping.

### III.

Rodriguez next argues the prosecutor committed prejudicial misconduct when questioning Rodriguez on the facts underlying his prior armed robbery conviction and his 1983 marijuana possession offense. We disagree.

The supreme court has recently noted that the determination of what constitutes proper rebuttal evidence rests almost entirely in the discretion of the trial court. *State v. Brown*, 500 N.W.2d 784, 788 (Minn.1993) (citing *State v. Eling*, 355 N.W.2d 286, 291 (Minn.1984)). The trial court admitted Rodriguez' prior criminal record not because of a ruling on impeachment by prior conviction, but rather because his prior record was mentioned during the police interrogation, and Rodriguez wanted a transcript of the interrogation in evidence. Rodriguez downplayed his role in a 1984 armed robbery, as well as the seriousness of the offense. The state contends Rodriguez "opened the door" to exploring the facts of the 1984 armed robbery by minimizing the offense. Presenting the underlying facts rebutted Rodriguez' suggestion that the offense involved only "stealing."

The 1983 California marijuana offense was explored with less justification. Nothing Rodriguez said on direct examination "opened the door" to this questioning. This prior conviction was not mentioned during the police interrogation, and Rodriguez was

not on notice that the state intended to use it. *See* Minn.R.Crim.P. 7.02 (state required to give defense *Spreigl* notice of additional offenses). We conclude, however, that mention of the marijuana conviction did not substantially prejudice appellant in this prosecution for charges of kidnapping and felony murder. The actions underlying the prior conviction bore no resemblance to the actions underlying the present charges. *Cf. State v. Butenhoff*, 484 N.W.2d 60, 62–63 (Minn.App. 1992) (questioning defendant about prior acts of domestic violence prejudiced defendant in prosecution for second degree assault), *pet. for rev. denied* (Minn. May 15, 1992). In addition, much of Rodriguez' prior record was already in evidence. *See Ramon v. State*, 399 N.W.2d 138, 141 (Minn.App.1987) (admission of stale prior convictions not prejudicial when record contains admissible convictions which would have been sufficient to impeach defendant). The prosecutor's elicitation of the marijuana offense was harmless error.

## IV.

■ Rodriguez argues the trial court erred when it sentenced him for both kidnapping and felony murder. We agree. Although Minn.Stat. § 609.251 (1990) specifically exempts kidnapping-related offenses from double jeopardy protection, the kidnapping in this case was the predicate felony necessarily proved in order to prove felony murder. *See* Minn.Stat. § 609.04, subd. 1(4) (1990) (offender may not be convicted of both crime charged and a "crime necessarily proved if the crime charged were proved"); *see also State v. Fratzke*, 354 N.W.2d 402, 410 (Minn. 1984) (applying Minn.Stat. § 609.04, subd. 1(4) to felony murder with a predicate felony of aggravated robbery).

The trial court properly submitted the kidnapping and felony murder counts to the jury for consideration. When the jury returned guilty verdicts on both counts, however, the trial court should have adjudicated Rodriguez guilty and sentenced him only for felony murder, and not for kidnapping, the predicate offense. Rodriguez cannot be adjudicated guilty and sentenced for both offenses. *See State v. Eppler*, 362 N.W.2d 315,

318 (Minn.1985). The adjudication of guilt and sentence for kidnapping must be vacated. *Id.*

## V.

Rodriguez alleges the trial court abused its discretion in imposing a 50% upward durational sentencing departure based upon the particular vulnerability of Flaherty.

■ A trial court may depart from the sentencing guidelines when aggravating circumstances warrant it. *State v. Best*, 449 N.W.2d 426, 427 (Minn.1989). Aggravating factors may include: the victim's vulnerability due to age and infirmity, Minn.Sent.Guidelines II.D.2.b(1); *State v. Hodges*, 384 N.W.2d 175, 183 (Minn.App.1986) (burglary of home of 83 and 94–year–old women), *aff'd as modified*, 386 N.W.2d 709 (Minn.1986); *State v. Fett*, 414 N.W.2d 783, 784–85 (Minn. App.1987) (theft by misrepresentation of 80–year–old), *pet. for rev. denied* (Minn. Dec. 22, 1987); and the duration of the incident, *Davis v. State*, 324 N.W.2d 802, 803 (Minn. 1982) (crime committed with particular cruelty when assault continued for five hours).

■ The trial court departed for two main reasons: Flaherty's particular vulnerability and the particular cruelty with which she was treated. These reasons constitute permissible grounds for departure. *See Hodges*, 384 N.W.2d at 183–84. Flaherty was of advanced age and deteriorated physical health. Having recently had hip surgery, she was basically immobile. Rodriguez left Flaherty in a van knowing she could not summon help or escape on her own. The coroner estimated that Flaherty suffered alone in the van between five and twelve hours before dying from exposure. Rodriguez made no effort to notify authorities of Flaherty's whereabouts. These facts constitute aggravating circumstances that justify an upward sentencing departure.

Rodriguez argues, however, that Flaherty's vulnerability was a necessary condition for the occurrence of her death, and thus was an element of the felony murder. We disagree. This court held in *Hodges*, 384 N.W.2d at 183:

[A]lthough the victim's age and vulnerability made the crime of felony murder more likely to occur and were causal factors in her death, they are not elements of the offense of felony murder. They are not factors which the legislature considered in determining the elements of felony murder in the second degree, distinguishing it from other degrees of homicide, and were thus not factors in determining the presumptive sentence.

*Hodges* involved a particularly cruel and violent home burglary that literally scared to death one elderly resident of the home and endangered the life of another elderly woman. *Id.* at 184.

While this case does not involve the level of violence that occurred in *Hodges,* the issue it presents is the same: but for the victim's vulnerability, the crime of felony murder would not have occurred because the victim would not have died. Flaherty's age and frailty were apparent when Rodriguez first saw her in the car, yet he and Castillo proceeded with the car theft and the kidnapping. The fact that Rodriguez never intended to kill Flaherty does not distinguish this case from *Hodges;* the nature of felony murder is that the offender

> causes the death of a human being, without intent to effect the death of any person, while committing or attempting to commit a felony offense.

Minn.Stat. § 609.19(2) (1990). The trial court did not abuse its discretion when it departed from the guidelines and sentenced Rodriguez to 270 months in prison.

### DECISION

The trial court had jurisdiction to try appellant on the amended complaint. The trial court did not abuse its discretion in admitting hearsay evidence. The prosecutor did not commit prejudicial misconduct. Appellant's adjudication of guilt and sentence for kidnapping are vacated. The aggravating circumstances support the upward durational departure in Rodriguez' sentence for felony murder.

**Affirmed as modified.**

RANDALL, Judge (concurring in part, dissenting in part).

I concur with the majority on all issues except the upward durational sentence given to appellant. On the departure issue, I dissent and would remand to the trial court to impose the presumptive sentence of 15 years.

Appellant contends the trial court abused its discretion in imposing a 50% upward durational sentencing departure. Appellant argues that the particular vulnerability of Estelle Flaherty was a necessary condition for the occurrence of her death, and therefore of the felony murder. I agree.

The court may not use as aggravating factors the elements of the offense. *State v. Brusven,* 327 N.W.2d 591, 593 (Minn.1982). Estelle Flaherty's vulnerability to the elements, although not technically required to prove either the predicate offense, kidnapping, or the felony murder, was truly the causal factor without which felony murder could not have occurred. Had she not been susceptible to the elements because of her age, no death would have occurred. Appellant would have been facing charges of only motor vehicle theft and kidnapping. Her death escalated the underlying offenses into felony murder. The upward departure improperly penalizes appellant twice. He has already been penalized by the victim's vulnerability because he is being sentenced for murder, not kidnapping.

A trial court has discretion to depart upward only if substantial and compelling aggravating circumstances are present. *State v. Best,* 449 N.W.2d 426, 427 (Minn.1989). Although the result was a tragic and needless death, the kidnapping not only was not extraordinarily egregious, but was, in fact, something less than a typical kidnapping. *See id.* Appellant and his accomplice started out to steal a car. The kidnapping was not part of any preconceived plan. It was accidental. The record supports appellant's contention that, although attempted in a clumsy and hurried fashion, he tried to leave Estelle Flaherty in a place where she would be discovered. These facts are the opposite of those set forth in such representative cases as *State v. Deschampe,* 332 N.W.2d 18, 20 (Minn.1983) (departure for criminal sexual

conduct supported in part by conduct of making victim walk blindfolded late at night through a wooded area in fear for her life); *State v. Coley,* 468 N.W.2d 552, 556 (Minn. App.1991) (departure for kidnapping supported in part by particular cruelty of recapturing and retying victim after escape attempt); and *State v. Strommen,* 411 N.W.2d 540, 544 (Minn.App.1987) (departure for kidnapping and criminal sexual conduct supported where victim trapped in a vehicle with three strangers and dumped in a remote cornfield at 4:30 a.m.), *pet. for rev. denied* (Minn. Oct. 28, 1987).

The record supports only one conclusion, and that is that the victim's age and vulnerability were a direct causal factor in her death, and that death elevated appellant's crime from kidnapping to felony murder. Thus, the victim's vulnerability is already being legitimately used by the law to enhance the severity of appellant's punishment. It is improper to use it twice.