**STATE of Minnesota, Respondent,**

v.

**Nathaniel McDANIEL, Appellant.**

**No. C6–94–1728.**

Court of Appeals of Minnesota.

July 11, 1995.

Review Denied Sept. 20, 1995.

John M. Stuart, State Public Defender, Evan W. Jones, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Catherine M. Keane, Asst. Atty. Gen., St. Paul, and Roger S. Van Heel, Stearns County Attorney, St. Cloud, for respondent.

Considered and decided by HUSPENI, P.J., and NORTON and KLAPHAKE, JJ.

## OPINION

KLAPHAKE, Judge.

Appellant Nathaniel McDaniel argues that he is entitled to a new trial because (1) the evidence is insufficient to support a finding of "great bodily harm" which is required for first-degree assault, and (2) the prosecutor's remarks during appellant's cross-examination and closing argument constituted prosecutorial misconduct. We affirm.

## FACTS

Appellant was convicted of first-degree assault for stabbing Joseph Keller with a knife on October 24, 1993. Appellant and his two witnesses testified that appellant was surrounded by several people and was struck himself before he stabbed Keller. The state, however, produced five witnesses who testified that appellant initiated the attack on Keller and that he was neither surrounded nor struck before he attacked Keller. Appellant and all witnesses agreed that only appellant had a weapon.

On direct examination, defense counsel asked appellant about the discrepancies between his testimony and the testimony of the state's witnesses. Appellant testified that all witnesses whose testimony differed from his lied because of their gang affiliation. Appellant also testified about his prior convictions.

On cross-examination, the prosecutor explored appellant's prior convictions and the discrepancies between appellant's and other witnesses' testimony. Defense counsel's only objection came at the close of questioning and no specific grounds were stated. Both the prosecutor and defense counsel also referenced these issues in the closing argument.

Keller's stabbing injuries were two lacerations and a partially collapsed lung. As a result of the stabbing, Keller sustained a raised, six centimeter scar on the front of his neck and a two-thirds inch raised scar on his right center chest.

## ISSUES

I. Did the jury have sufficient evidence to support a finding of "great bodily harm"?

II. Did the prosecutor's remarks during cross-examination and summation constitute misconduct?

## ANALYSIS

### I.

Appellant argues that the jury did not have sufficient evidence to find him guilty of first-degree assault.

> Where there is a challenge to the sufficiency of the evidence, our review on appeal is limited to a painstaking analysis of the record to determine whether the evidence, when viewed in a light most favorable to the conviction, was sufficient to permit the jurors to reach the verdict which they did.

State v. Webb, 440 N.W.2d 426, 430 (Minn. 1989). A verdict will not be disturbed

> if the jury, acting with due regard for the presumption of innocence and for the necessity of overcoming it by proof beyond a reasonable doubt, could reasonably conclude that a defendant was proven guilty of the offense charged.

State v. Alton, 432 N.W.2d 754, 756 (Minn. 1988).

A person is guilty of first-degree assault if that person "assaults another and inflicts great bodily harm." Minn.Stat. § 609.221 (1994). Appellant admits that he stabbed Keller with a knife, but he denies that he inflicted "great bodily harm." "Great bodily harm" is defined as

> bodily injury which creates a high probability of death, or which causes serious permanent disfigurement, or which causes

a permanent or protracted loss or impairment of the function of any bodily member or organ or other serious bodily harm. *Id.* § 609.02, subd. 8. The state's theory of the case was that Keller's injuries fall within one of the latter two types of injury.

▉ The jury saw Keller in person, as well as photos of the permanent raised scars on his neck and chest. The scar on Keller's right center chest is two-thirds of an inch long, and the scar on his right upper neck is six centimeters long. The six centimeter scar is on the front of Keller's neck and highly visible. These injuries constitute "serious permanent disfigurement" under the definition of "great bodily harm."

To support his insufficiency of the evidence argument, appellant relies solely on *State v. Gerald,* 486 N.W.2d 799, 802 (Minn.App. 1992). In *Gerald,* this court held that two scars, one-half inch in length, one located in the victim's ear and the other on the back of his neck behind his ear, did not constitute serious, permanent disfigurement. The scars were "relatively small" and "in areas where they [were] not particularly noticeable." *Id.* In contrast, the scars sustained by Keller are larger and prominently located. Therefore, appellant's reliance on *Gerald* is misplaced.

## II.

▉ Upon a claim of prosecutorial misconduct, the court must determine if there was improper conduct and, if so, whether it was serious. *State v. Caron,* 300 Minn. 123, 127–28, 218 N.W.2d 197, 200 (1974). In its analysis of the conduct, an appellate court must view the purported misconduct in light of the record as a whole. *State v. Ture,* 353 N.W.2d 502, 517 (Minn.1984); *State v. Wahlberg,* 296 N.W.2d 408, 420 (Minn.1980).

### A. *Cross–Examination Regarding Discrepancies in Testimony*

The thrust of appellant's defense was that he acted in self-defense when confronted by a "gang." He argues on appeal that the state's witnesses were gang members who were lying about the incident to protect the gang. Defense counsel cross-examined the state's witnesses about their alleged gang affiliation and asked appellant to comment on the testimony of those witnesses. By so doing, counsel invited the prosecutor's cross-examination of appellant on this subject.

▉ Courts have generally allowed a wide range of inquiry on cross-examination. Minn.R.Evid. 611(b). This is particularly true where there is a sharp conflict in the evidence, and where the credibility of the defendant and complainant are critical. *State v. Morgan,* 235 Minn. 388, 392, 51 N.W.2d 61, 63 (1952). Here, appellant's version of the stabbing incident differed significantly from that presented by the state's witnesses. The prosecutor is allowed to explore discrepancies in testimony and the possible prejudice or bias of all witnesses, including the defendant. *Id.* at 392, 51 N.W.2d at 63. Therefore, the prosecutor's line of questioning did not constitute misconduct.

Even if the questioning was improper, defense counsel's failure to object or seek a cautionary instruction suggests that the conduct was not considered prejudicial. *See Ture,* 353 N.W.2d at 516. The supreme court recently emphasized:

> Defense counsel's failure to object to the comments or seek a curative instruction has 'weighed heavily' in our previous decisions not to reverse, because the trial court might have been able to "ameliorate the effect of improper prosecutorial argument."

*State v. Washington,* 521 N.W.2d 35, 40 (Minn.1994).

### B. *Cross–Examination Regarding Appellant's Prior Convictions*

▉ Appellant introduced the subject of his prior convictions during his direct testimony. He minimized his role in one prior offense and its seriousness, and specifically denied an element of a prior conviction made after a guilty plea. In such a case, a prosecutor is allowed to explore the facts of the prior offense. *See State v. Rodriguez,* 505 N.W.2d 373, 376 (Minn.App.1993) (propriety of rebuttal evidence "rests almost entirely in the discretion of the trial court"), *pet. for rev. denied* (Minn. Oct. 19, 1993). The cross-examination also falls within the ordinary

limits of impeachment by prior conviction. *State v. Norgaard,* 272 Minn. 48, 51, 136 N.W.2d 628, 631 (1965).

 Finally, defense counsel did not timely object to the prosecutor's cross-examination of appellant about his prior convictions. There was no objection until virtually the entire series of questions had been asked and answered, and no specific ground for the challenge was stated. *See State v. Abraham,* 338 N.W.2d 264, 266 (Minn.1983) (appellate court will not address cross-examination into facts of prior record where trial court objection was untimely and non-specific).

### C.  Closing Argument

Appellant argues that the alleged misconduct during cross-examination was repeated in the prosecutor's closing argument. The prosecutor referred to the discrepancies between appellant's testimony and the testimony of the state's witnesses and appellant's prior convictions. Defense counsel, however, also addressed these allegedly improper lines of questioning in his own summation.

When determining the severity of a prosecutor's conduct, the conduct of defense counsel in response to the alleged improprieties is considered. When defense counsel responds to allegedly improper comments by taking liberties in his own argument, the court may determine that the improper comments are harmless in the context of the entire trial. *E.g., State v. James,* 520 N.W.2d 399, 405 (Minn.1994) (defense counsel responded to prosecutor's characterizations and "took liberties with opinion testimony" in his summation). Here, defense counsel addressed the allegedly improper remarks during the presentation of appellant's case and in summation. *See id.* Defense counsel's strategical decisions should not entitle appellant to a new trial simply because the strategy fails.

In any case, in evaluating the propriety of a closing argument, no single phrase should be taken out of context and used as a basis for reversal. *State v. Daniels,* 332 N.W.2d 172, 180 (Minn.1983). Taken as a whole, the prosecutor's closing argument was proper and did not prejudice appellant's right to a fair trial.

### DECISION

The jury had sufficient evidence to support a finding of "great bodily harm" and a verdict of first-degree assault. The prosecutor's actions did not constitute misconduct.

**Affirmed.**