STATE of Minnesota, Respondent,

v.

David Joseph BEST, Appellant.

No. C3–89–585.

Supreme Court of Minnesota.

Dec. 22, 1989.

Melissa Sheridan, Asst. State Public Defender, St. Paul, for appellant.

James B. Early, Sp. Asst. Atty. Gen., St. Paul and Hugh A. Cameron, Itasca County Atty., Grand Rapids, for respondent.

POPOVICH, Chief Justice.

We granted defendant's petition for review in this case for the limited purpose of reducing the duration of his sentence.

Defendant was convicted of aggravated criminal damage to property, Minn.Stat. § 609.595, subd. 1(3) (1988) (intentionally damaging physical property of another without consent when the damages reduce the value of the property by more than $500). The presumptive sentence for the offense, when committed by one with defendant's criminal history score of three, is a stayed sentence of 15 months in prison. The trial court departed both durationally and dispositionally, doubling the presumptive sentence length and executing the sentence. Defendant raised two issues in the court of appeals: the sufficiency of the evidence that he participated in and aided his brother in damaging the property and the justification for the *durational* departure. Defendant expressly did not challenge the dispositional departure. We agree with the court of appeals that the

evidence was sufficient to support defendant's conviction. We, however, conclude that there is no legal basis on the record for the durational departure, and thus reduce defendant's sentence to the presumptive sentence duration, 15 months in prison.

Defendant and his brother took a car parked in a private driveway—an unlocked car with the keys left in the ignition. After driving it awhile, they "trashed" it by tearing up the interior, ripping off wires inside the hood, and so on. The cost of repairing the damage to the car was $4,500.

The trial court gave three reasons for the dispositional and durational departures, but one of these reasons, that defendant is amenable to treatment in a probationary setting, bears only on the dispositional departure, which defendant does not challenge. The two legal reasons offered for the durational departure are the malicious nature of the conduct and the "huge amount of damage" to the car. Underlying factors motivating the trial court's decision to depart appear to include the court's expressed irritation with defendant's attitude and the court's belief that the presumptive sentence is too short and that a longer sentence is needed to keep defendant "out of circulation" longer.

The focus of our analysis in deciding if the durational departure was justified must be on defendant's conduct in this case—that is, on whether his conduct somehow may be said to be significantly more serious than typically involved in the commission of the offense of aggravated criminal damage to property. It is inaccurate to say that the trial court has broad discretion in deciding whether or not to depart. A more accurate statement is that the trial court has broad discretion to depart *only if* aggravating or mitigating circumstances are present; if aggravating or mitigating circumstances are not present, the trial court has no discretion to depart.

The offense of conviction in this case is "akin to arson," *State v. Mayhood,* 308 Minn. 259, 263, 241 N.W.2d 803, 805 (1976), thus cases dealing with departures for the offense of arson have relevance. Also relevant are departure cases dealing with other property offenses committed by physical means. As we said in *State v. Myers,* 416 N.W.2d 736, 737–38 (Minn.1987), physical property offenses technically cannot be deemed "major economic offenses" even if committed for profit, but that does not prevent an appellate court from looking at factors such as the amount of damage.

In our opinion, the fact that defendant's conduct was malicious—and it obviously was malicious—does not distinguish this case from the typical case of aggravated criminal damage to property. It is true that malice is not an element of the offense, but the fact that only intent to destroy is required does not mean that the typical case does not involve malice. We are dealing with an offense which, as we said in *State v. Mayhood,* 308 Minn. 259, 263, 241 N.W.2d 803, 805 (1976), is "commonly known as malicious damage or malicious mischief." It appears to us that the drafters of the statute omitted malice as an element simply because, even though it is usually present in such cases, it is sometimes difficult to prove. We believe that what is commonly called "maliciousness" is present in the typical case of criminal damage to property.

That leaves us with the other legal factor relied upon by the trial court, what the trial court referred to as the "huge amount of damage" to the car. The statutory minimum under section 609.595, subdivision 1(3), is $500 of damages. The probation agent testified at the sentencing hearing that $1,000 was a typical or average amount of damages in aggravated criminal damage to property cases, but the range of cases he had seen in his job went all the way up to $5,000 and he had not recommended departure in a criminal damage situation before. The real issue is not whether the damage in this case is more than the statutory minimum but whether it is *substantially* or *significantly* more than that involved in the *typical* case of aggravated criminal damage to property. This is something that ultimately we must decide based on our "collective, collegial experience in reviewing a large number of crimi-

nal appeals." *State v. Norton,* 328 N.W.2d 142, 146 (Minn.1982).

Based on our "collective, collegial experience," we conclude the record in this case fails to establish that defendant's conduct was significantly more serious than that typically involved in the offense of aggravated criminal damage to property. Accordingly, we reduce the duration of defendant's sentence from 30 months to the presumptive sentence, 15 months.

Affirmed as modified.