*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0141**

State of Minnesota,
Respondent,

vs.

Wayne William Leistico,
Appellant.

**Filed January 20, 2015
Affirmed in part, reversed in part, and remanded
Ross, Judge**

Sherburne County District Court
File No. 71-CR-12-1854

Lori Swanson, Attorney General, Matthew Frank, Assistant Attorney General, St. Paul, Minnesota; and

Kathleen A. Heaney Sherburne County Attorney, Leah G. Emmans, Assistant County Attorney, Tim Sime, Assistant County Attorney, Elk River, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sharon E. Jacks, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Ross, Presiding Judge; Schellhas, Judge; and Smith, Judge.

UNPUBLISHED OPINION

**ROSS**, Judge

Twenty-eight-year-old Wayne Leistico had sex with a six-year-old girl over a lengthy period. The district court sentenced Leistico to 360 months in prison with a lifetime conditional-release period after he pleaded guilty to first- and second-degree criminal sexual conduct. Leistico appeals the sentence, arguing that the 360-month prison term is a greater-than-double departure not supported by severe aggravating factors and that he has no prior sex offense authorizing a lifetime conditional-release period. Because we conclude that 360 months was not greater than double the length of the maximum presumptive sentence, severe aggravating factors were not necessary for the sentence and we affirm the incarceration period. But because Leistico has no prior sex-offense conviction, we reverse the imposition of lifetime conditional release and remand for the district court to impose the ten-year conditional-release period mandated by statute.

## FACTS

Wayne Leistico's girlfriend found a secure digital card in her home containing video footage of her seven-year-old daughter Z.A.S. touching Leistico's penis. She reported this to the Sherburne County Sheriff's Office. An investigator spoke with the child. The interview and similar videos found on the SD card led Sherburne County to charge Leistico in late 2012 with two counts of first-degree criminal sexual conduct, two counts of second-degree criminal sexual conduct, use of a minor in sexual performance or pornographic work, and possession of pornographic work.

During a pretrial hearing in March 2013, the state notified Leistico and the district court that it would be introducing evidence of aggravating factors to support an upward sentencing departure. Two of the factors were that the crime was committed within the victim's zone of privacy and that Leistico forced the child to engage in a variety of sex acts.

The state and Leistico successfully negotiated a plea agreement in August 2013. Leistico agreed to plead guilty to one count of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct, and the parties stipulated to a 360-month cap on the prison term and a lifetime conditional-release period. Waiving his right to a *Blakely* hearing, Leistico acknowledged that his criminal acts occurred within the victim's zone of privacy because they took place in her home. He also admitted to engaging in multiple forms of sexual penetration with the child. Leistico acknowledged that he had a former crime of violence on his record only to the extent that he had a 1997 juvenile adjudication for second-degree criminal sexual conduct and a 2002 conviction of burglary. He admitted that he engaged in oral and vaginal sex with Z.A.S. when she was six and seven years old. The district court accepted Leistico's guilty plea.

Leistico returned for sentencing in October 2013. The state reminded the district court that Leistico had admitted to multiple aggravating *Blakely* factors and asked that he be sentenced to 360 months in prison. Leistico asked that the district court sentence him to 168 months in prison, which he maintained was "the presumed mid-range duration" for the first-degree charge. The district court sentenced Leistico to 360 months in prison with

a lifetime conditional-release period. Leistico appeals the sentence as to its term of imprisonment and its lifetime conditional release.

## D E C I S I O N

Leistico first challenges his 360-month prison term. He contends that 360 months is more than double his presumptive sentence and that the district court did not find any severe aggravating circumstances to support this alleged greater-than-double departure. We review a district court's departure from a guidelines sentence for an abuse of discretion. *State v. Jackson*, 749 N.W.2d 353, 356–57 (Minn. 2008). A district court abuses its discretion by departing when the record contains insufficient evidence to justify the departure or when it bases the departure on improper considerations. *Id*. at 57.

Leistico argues that his offense and criminal history score result in a presumptive guidelines sentence with a mid-range duration of 168 months, making any sentence longer than 336 months a greater-than-double departure. A district court has discretion to depart from a guidelines presumptive sentence up to twice the presumptive prison term if substantial aggravating circumstances exist. *State v. Best*, 449 N.W.2d 426, 427 (Minn. 1989). Leistico is correct that the district court can impose a sentence that is a greater-than-double departure only when severe aggravating factors exist. *Neal v. State*, 658 N.W.2d 536, 544 (Minn. 2003). But his math is wrong. The state points out that the presumptive range for Leistico's prison term is 144 to 201 months and argues that, because the district court could have sentenced Leistico to serve 201 months without departing from the guidelines, the 360-month prison term was less than the 402 months marking the actual doubling point. In other words, the prison term is not a greater-than-

4

double departure. The state is correct. *See, e.g.*, *Jackson*, 749 N.W.2d at 356 (noting that the district court doubly departed "from the high end of the presumptive sentencing guidelines range"). The district court therefore needed to find only aggravating factors, not *severe* aggravating factors, to support its departure decision.

The district court certainly had evidentiary support to apply aggravating factors here. Leistico admitted to two of them: invasion of the victim's zone of privacy and multiple forms of penetration. "Even a single aggravating factor may justify a departure." *Dillon v. State*, 781 N.W.2d 588, 599 (Minn. App. 2010), *review denied* (Minn. July 20, 2010). Leistico does not contend that these were not aggravating factors—only that they were not severe aggravating factors warranting a greater-than-double departure. We therefore affirm the 360-month prison term.

In his pro se supplemental brief, Leistico urges us to reduce his sentence to the presumptive mid-range length of 168 months. He provides no argument or authority to support his request. We therefore decline to consider it. *See State v. Bartylla*, 755 N.W.2d 8, 22 (Minn. App. 2008).

The state and Leistico agree on appeal that the district court erred by ordering a lifetime conditional-release period under Minnesota Statutes section 609.3455, subdivision 7 (2012). This subdivision mandates that a sex offender receive a lifetime conditional-release period if he has a prior sex offense conviction. Some juvenile proceedings result in convictions, some do not. Although a "conviction" can result from extended jurisdiction juvenile proceedings, the statute does not include juvenile delinquency adjudications. Minn. Stat. § 609.3455, subd. 1(b) (2012); *see also* Minn.

5

Stat. § 260B.245, subd. 1(a) (2012) ("[N]or shall [a juvenile] adjudication be deemed a conviction of crime."). A juvenile adjudication is Leistico's only prior sex offense on record. The district court therefore erred by imposing a lifetime period of conditional release. We reverse and remand for the district court to impose the ten-year conditional-release period authorized by section 609.3455, subdivision 6.

**Affirmed in part, reversed in part, and remanded.**