*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0296**

State of Minnesota,
Respondent,

vs.

Gavin Patrick Meany,
Appellant.

**Filed March 4, 2024**
**Affirmed in part, reversed in part, and remanded**
**Johnson, Judge**

Dakota County District Court
File No. 19HA-CR-19-2414

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Kathryn M. Keena, Dakota County Attorney, Jessica A. Bierwerth, Assistant County Attorney, Hastings, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Max Brady Kittel, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Frisch, Presiding Judge; Johnson, Judge; and Larkin, Judge.

**NONPRECEDENTIAL OPINION**

**JOHNSON**, Judge

Gavin Patrick Meany pleaded guilty to four counts of third-degree criminal sexual conduct. The district court imposed concurrent prison sentences of 48, 76, 117, and 153 months. Meany challenges his sentences in four ways. We conclude that the district court

erred by imposing prison sentences that are longer than the prison sentences previously imposed on Meany for the same offenses before he was successful in a prior appeal. But we conclude that the district court did not err by denying Meany's motion for a downward dispositional departure, by not imposing concurrent prison sentences with an aggregate duration of less than 90 months, or by ordering lifetime conditional release. Therefore, we affirm in part, reverse in part, and remand for resentencing, with an instruction that the district court shall not impose prison sentences that, in the aggregate, exceed 90 months.

## FACTS

In 2019, the state charged Meany with seven counts of third-degree criminal sexual conduct, in violation of Minn. Stat. § 609.344, subd. 1(h)(i)-(ii) (2018). The state alleged that Meany, a psychiatrist, engaged in sexual penetration of a patient on seven occasions, six times during psychotherapy sessions at his office and once at his home. The state further alleged that the patient, who sought treatment for mental-health diagnoses, "suffered from past trauma that involved prior sexual assaults from her youth, as well as domestic violence from a prior partner."

In 2020, the state and Meany entered into a plea agreement. Meany agreed to plead guilty to counts 4, 5, 6, and 7, in which the state alleged that he engaged in sexual penetration of the patient during four psychotherapy sessions in August 2019. Meany admitted that, at each of the four psychotherapy sessions associated with counts 4, 5, 6, and 7, he inserted his finger into the patient's vagina with a sexual purpose. The state agreed to dismiss the remaining counts. There was no agreement concerning Meany's sentences.

2

The district court ordered a pre-sentence investigation (PSI). The probation officer who prepared the PSI report recommended that the district court sentence Meany "in accordance with the sentencing guidelines." Specifically, the probation officer recommended that the district court apply the *Hernandez* method of imposing sentences on multiple counts; that the district court impose concurrent, middle-of-the-box prison sentences of 48, 76, and 117 months on counts 4, 5, and 6; and that the district court impose a concurrent, bottom-of-the-box prison sentence of 153 months (in contrast to a middle- and top-of-the-box sentence of 180 months) on count 7.

Before the sentencing hearing, Meany moved for a downward dispositional departure on the ground that he is particularly amenable to probation. He also argued that the district court should not apply the *Hernandez* method on the ground that it would result in punishment that is disproportionate to his criminal conduct. He requested either probation or, in the alternative, a single prison sentence of 48 months. The state argued that the district court should apply the *Hernandez* method; should impose the sentences recommended by the probation officer on counts 4, 5, and 6; and should impose a concurrent sentence of either 153 months or 180 months on count 7.

The district court did not adopt the argument of either party. The district court imposed a middle-of-the-box prison sentence of 48 months on count 4, a concurrent prison sentence of 90 months on count 5 (which was slightly less than the top-of-the-box duration of 91 months), a concurrent prison sentence of 90 months on count 6 (which was a downward durational departure from the presumptive range of 100 to 140 months), and a concurrent sentence of 90 months on count 7 (which was a downward durational departure

3

from the presumptive range of 153 to 180 months). The district court stated that a downward durational departure on counts 6 and 7 was appropriate because Meany had accepted responsibility and had shown remorse. The district court also ordered that, with respect to counts 5, 6, and 7, Meany should be on conditional release for the remainder of his life after his release from prison.

Meany appealed. This court resolved his primary argument by concluding that his guilty pleas were invalid because he had been informed that he could be on conditional release for only ten years after his release from prison, not for the remainder of his life. Accordingly, we reversed and remanded with directions that the district court allow Meany to withdraw his guilty pleas. *State v. Meany*, A20-1531, 2022 WL 589262, at *4 (Minn. App. Feb. 28, 2022), *rev. denied* (Minn. May 17, 2022).

Shortly thereafter, the parties again engaged in plea negotiations. The record reflects that the state offered Meany a plea agreement in which he would serve 90 months in prison, would be on conditional release for ten years, and would benefit from the dismissal of a then-pending Hennepin County case, which was set for a jury trial less than three weeks in the future, at which the state would seek to prove "similar conduct with the same victim." Meany rejected the state's offer.

In September 2022, the parties entered into a second plea agreement. Meany again agreed to plead guilty to counts 4, 5, 6, and 7. The state again agreed to dismiss the remaining counts. Again there was no agreement concerning Meany's sentences. Meany appeared before the district court for a plea hearing. He elected to withdraw his earlier guilty pleas, and the district court vacated the convictions based on those pleas. Meany

4

then entered new guilty pleas to the same charges pursuant to the second plea agreement. Meany's attorney questioned him to confirm that he had received no promises with respect to the new sentences that would be imposed on him, to confirm his understanding that the state might ask the district court to impose a sentence of 180 months of imprisonment, and to confirm his understanding that the district court might order lifetime conditional release.

The district court ordered another PSI. The same probation officer again recommended that the district court impose concurrent, middle-of-the-box prison sentences of 48, 76, and 117 months on counts 4, 5, and 6 and a concurrent, bottom-of-the-box prison sentence of 153 months on count 7.

Before the second sentencing hearing, Meany again moved for a downward dispositional departure on the ground that he is particularly amenable to probation. He again argued that the district court should not apply the *Hernandez* method, and he also argued that the district court should adjudicate his four offenses simultaneously rather than sequentially. The state again urged the district court to apply the *Hernandez* method and to impose the concurrent sentences recommended by the author of the PSI report, including a bottom-of-the-box prison sentence of 153 months on count 7.

A different district court judge presided at the second sentencing hearing. The district court stated that it was "not bound by" the sentence imposed at the earlier sentencing hearing. The district court stated that Meany had committed a serious offense that required punishment and that he had not taken responsibility for his actions. The district court adopted the state's argument by imposing concurrent, presumptive prison sentences of 48, 76, 117, and 153 months. The district court also ordered that, after Meany

is released from prison, he be placed on conditional release for ten years with respect to count 4 and for the remainder of his life with respect to counts 5, 6, and 7.  Meany appeals and raises four issues.

## DECISION

### I. Longer Sentence After Successful Appeal

Meany first argues that the district court erred by imposing concurrent prison sentences of a longer aggregate duration than the sentences that were imposed on him at his first sentencing hearing, before his successful appeal.  His argument has two parts, one based on federal law and one based on state law.  First, he argues that, under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, he has a right to not be subjected to a longer sentence for a vindictive motive because of his prior successful appeal.  *See North Carolina v. Pearce*, 395 U.S. 711, 723-26 (1969).  Second, he argues that, under state law, he has a right to not be subjected to longer sentences than were imposed on him for the same offenses before his successful appeal.

We begin by considering Meany's state-law argument, which is based on *State v. Holmes*, 161 N.W.2d 650 (Minn. 1968).  In that case, the supreme court held that, if a defendant pursues a direct appeal from a conviction and is successful in obtaining a new trial, the district court may not, upon a second conviction, impose a more onerous sentence on the defendant for the same crime than it imposed before the successful appeal.  *Id.* at 652-57.  The court stated that "any increase in penalty upon a retrial inevitably discourages a convicted defendant from exercising his legal rights and is contrary to public policy." *Id.* at 653.  The court was persuaded by the views of the American Bar Association that, on

6

re-sentencing following a successful appeal or postconviction proceeding, "the sentencing court should not be empowered to impose a more severe penalty than that originally imposed." *Id.* at 655-56. The court further reasoned that it "must be presumed that the original trial judge gave full consideration to all the surrounding circumstances and reached a considered judgment concerning the appropriate punishment." *Id.* at 656.

In response, the state argues that this court should not apply *Holmes* to the facts of this case. The state relies on *State v. Vang*, 847 N.W.2d 248 (Minn. 2014), in which a defendant was convicted based on a guilty plea, was successful on appeal in invalidating the plea, was convicted a second time after a jury trial, and received a more onerous sentence than he previously had received. *Id.* at 254-57. The supreme court did not apply the *Holmes* rule in *Vang* for two reasons. First, the supreme court reasoned, "There are significant justifications for a sentencing judge to impose a more onerous sentence after trial than that received pursuant to a plea agreement" because "the more lenient sentence upon a plea of guilty may have been a result of the prosecutor recommending a lower sentence in return for the defendant's plea." *Id.* at 265. Second, the supreme court reasoned, "The district court will likely have far more information after trial and pre-sentencing about the offenses and the defendant, including the severity of the offenses, the impact on any victims, and the defendant's suitability for rehabilitation." *Id*. In support of this reasoning, the supreme court cited an opinion of the United States Supreme Court with similar facts and similar reasoning. *Id.* (citing *Alabama v. Smith*, 490 U.S. 794, 801-02 (1989)). The supreme court recognized that the *Holmes* rule is based on "public

7

policy, not on constitutional grounds," *id.* at 264, but, in essence, referred to federal constitutional law to inform its policy-based decision, *see id.* at 264-65.

The supreme court's rationale in *Vang* does not apply to this case. Whereas Vang was initially convicted based on a guilty plea and later was convicted by a jury, Meany was twice convicted based on guilty pleas. Accordingly, the second proceeding did not give the district court "far more information . . . about the offenses and the defendant, including the severity of the offenses, the impact on any victims, and the defendant's suitability for rehabilitation." *Id*. at 265. Furthermore, Meany twice pleaded guilty pursuant to a plea agreement, and the terms of the plea agreements were identical. Accordingly, the second plea agreement did not provide the district court with any additional reasons to impose a harsher sentence.

The *Holmes* rule is a broad rule. It is prophylactic in nature so as to avoid inquiry into the motives of the sentencing judge. *See Holmes*, 161 N.W.2d at 653, 656. We have considered whether Minnesota law should be further informed by any other opinion of the United States Supreme Court. We note that, in *Texas v. McCullough*, 475 U.S. 134 (1986), the Court stated that the federal constitutional caselaw, which prohibits vindictive sentencing after a successful appeal, does not apply if the decisionmaker in the second sentencing proceeding is different from the decisionmaker in the first sentencing proceeding. *Id.* at 140 n.3. But it appears that there were two different sentencing judges in *Holmes* as well. *Compare Holmes*, 161 N.W.2d at 650, *with State v. Holmes*, 140 N.W.2d 610, 610 (Minn. 1966). Consequently, we cannot say that the *Holmes* rule does not apply if two different judges imposed two different sentences.

Thus, we are compelled to conclude that the district court erred by imposing four concurrent prison sentences resulting in an aggregate duration of 153 months, which is more onerous than the concurrent prison sentences that were imposed on Meany before his successful appeal, which had an aggregate duration of 90 months. Therefore, we reverse the four sentences and remand for resentencing. On remand, the district court shall not impose prison sentences with an aggregate duration of more than 90 months. *See State v. Prudhomme*, 228 N.W.2d 243, 246 (Minn. 1975) (instructing district court with respect to resentencing on remand pursuant to *Holmes*).

In light of that conclusion, we need not consider the second part of Meany's argument, which is based on federal constitutional law. But we will proceed to consider Meany's three other arguments, each of which would, if meritorious, provide him with additional relief.

## II. Denial of Dispositional Departure

Meany also argues that the district court erred by denying his motion for a downward dispositional departure.

The Minnesota Sentencing Guidelines prescribe presumptive sentences for felony offenses. Minn. Sent'g Guidelines 2.C (2022). For any particular offense, the presumptive sentence is "presumed to be appropriate for all typical cases sharing criminal history and offense severity characteristics." Minn. Sent'g Guidelines 1.B.13 (2022). Accordingly, a district court "must pronounce a sentence . . . within the applicable [presumptive] range . . . unless there exist identifiable, substantial, and compelling circumstances to support a departure." Minn. Sent'g Guidelines 2.D.1 (2022). "Substantial and compelling

9

circumstances are those demonstrating that the defendant's conduct in the offense of conviction was significantly more or less serious than that typically involved in the commission of the crime in question." *State v. Hicks*, 864 N.W.2d 153, 157 (Minn. 2015) (quotations omitted).

If a defendant requests a downward departure, a district court first must determine whether "'mitigating circumstances are present'" and, if so, whether "those circumstances provide a 'substantial[] and compelling' reason not to impose a guidelines sentence." *State v. Soto*, 855 N.W.2d 303, 308 (Minn. 2014) (quoting *State v. Best*, 449 N.W.2d 426, 427 (Minn. 1989), and Minn. Sent'g Guidelines 2.D.1 (2012)). If substantial and compelling reasons exist, the district court has discretion to order a downward departure. *Id.*; *Best*, 449 N.W.2d at 427.

If a district court departs from the presumptive sentence, the district court is required to state the reason or reasons for the departure. Minn. Sent'g Guidelines 2.D.1.c (2022). But if the district court does not depart, the district court is not required to state reasons for imposing a presumptive sentence. *State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013), *rev. denied* (Minn. Sept. 17, 2013); *State v. Van Ruler*, 378 N.W.2d 77, 80 (Minn. App. 1985). This court applies an abuse-of-discretion standard of review to a district court's denial of a downward departure. *Soto*, 855 N.W.2d at 307-08; *State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006). Only in a "rare case" will a reviewing court reverse a district court's imposition of the presumptive sentence. *Bertsch*, 707 N.W.2d at 668; *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

In this case, Meany contends that the district court should have ordered a downward dispositional departure on the ground that he is particularly amenable to probation. Specifically, he asserts that (1) he is particularly amenable to community-based sex-offender treatment; (2) his age and lack of criminal history support a departure; (3) he has demonstrated remorse, acceptance of responsibility, and cooperation; and (4) he has community support.

The record reflects that the district court appropriately considered the factors that it considered relevant. The district court stated, "I've studied this case." The district court expressed appreciation for Meany's apology and acknowledged that Meany was *amenable* to treatment and probation, though not *particularly* amenable. But the district court believed that Meany had not taken responsibility for his criminal conduct. The district court expressed concern about the harm Meany had caused his victim. The district court concluded by stating that "the fact of the matter is . . . the incidents are egregious, and they're terrible, and this is all about punishment." The district court did not specifically comment on each of the factors identified by Meany, but a district court is not required to do so. Rather, a district court need not give any reasons for imposing a presumptive sentence. *Johnson*, 831 N.W.2d at 925; *State v. Pegel*, 795 N.W.2d 251, 254 (Minn. App. 2011); *Van Ruler*, 378 N.W.2d at 80.

Thus, the district court did not err by denying Meany's motion for a downward dispositional departure.

11

### III. Duration of Sentences

Meany also argues that the district court erred by imposing prison sentences that are disproportionately long given the offense of which he was convicted and the nature of his criminal conduct. He relies on a statute providing that an appellate court may review a sentence "to determine whether the sentence is inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the district court." Minn. Stat. § 244.11, subd. 2(b) (2022).

Meany cites only three appellate opinions, each of which resulted in affirmance of the appellant's sentence. *See State v. Freyer*, 328 N.W.2d 140, 142 (Minn. 1982); *State v. Kraft*, 326 N.W.2d 840, 842 (Minn. 1982); *State v. Delk*, 781 N.W.2d 426, 428 (Minn. App. 2010). We note that appellate courts occasionally have reversed or modified consecutive sentences or sentences imposed based on upward departures on the ground that they are unreasonable, disproportionate, or exaggerated. *See, e.g.*, *Neal v. State*, 658 N.W.2d 536, 546-49 (Minn. 2003) (reversing more-than-double upward departure of 480 months on kidnapping conviction and remanding for imposition of sentence of between 216 and 240 months); *State v. Norris*, 428 N.W.2d 61, 70-71 (Minn. 1988) (modifying life sentence on first-degree murder and five consecutive 60-month sentences for second-degree assault by ordering three assault sentences to run concurrently).

In this case, the district court imposed concurrent presumptive sentences. The district court applied the *Hernandez* method of concurrent sentencing, which is appropriate under the sentencing guidelines because Meany's four convictions do not arise from a single course of conduct. *See* Minn. Sent'g Guidelines 2.B.1.e (2022). Meany received

12

the shortest possible presumptive sentence on count 7 because the district court imposed a bottom-of-the-box sentence on that count. In addition, we have concluded that the district court did not misapply the sentencing guidelines by denying Meany's motion for a downward dispositional departure and imposing presumptive guidelines sentences. *See supra* part II. These circumstances do not foreclose appellate relief on the grounds urged, but they provide context for Meany's argument.

In reviewing the reasonableness of a sentence pursuant to section 244.11, subdivision 2(b), we are "guided by past sentences imposed on other offenders." *State v. McLaughlin*, 725 N.W.2d 703, 715 (Minn. 2007) (quotation omitted). Our analysis is "based on our collective, collegial experience in reviewing a large number of criminal appeals from all the judicial districts." *Rairdon v. State*, 557 N.W.2d 318, 327 (Minn. 1996) (quotation omitted). In comparing this case to past cases, we focus on cases with similarly situated offenders, *i.e.*, appellants who were convicted of third-degree criminal sexual conduct by a psychotherapist. *See Vickla v. State*, 793 N.W.2d 265, 270 (Minn. 2011).

Meany argued to the district court that his sentences should be similar to the sentences imposed in ten other cases in the Minnesota trial courts in which psychotherapists received lesser sentences, between a stayed sentence and a 48-month prison sentence. Meany refers to the same ten cases on appeal. But the supreme court has stated that an appellate court's analysis of the reasonableness of a sentence should be based on cases that were subjected to appellate review. *See Rairdon*, 557 N.W.2d at 327 (citing *State v.*

*Norton*, 328 N.W.2d 142, 146-47 (Minn. 1982)).  Accordingly, we confine our review to such cases.

It appears that only one of the cases identified by Meany was reviewed by an appellate court.  In *State v. Leong*, A14-0587, 2015 WL 2184368 (Minn. App. May 11, 2015), *rev. denied* (Minn. Aug. 11, 2015), the defendant was charged with and convicted of one count of third-degree criminal sexual conduct by a psychotherapist against a patient based on a single incident of sexual penetration.  *Id.* at *1-3.  He was sentenced to 48 months of imprisonment.  *Id.* at *4.  Meany also was sentenced to 48 months of imprisonment on his first conviction.  Because Meany was convicted of engaging in sexual penetration on four occasions, he will receive four concurrent sentences with an aggregate duration of no more than 90 months of imprisonment, which is not dramatically longer than the sentence in *Leong*.

The state has identified one additional case that more closely resembles this case in that the defendant was convicted of multiple counts of criminal sexual conduct.  In *State v. Tong*, A16-1472, 2017 WL 4341771 (Minn. App. Oct. 2, 2017), *rev. denied* (Minn. Dec. 27, 2017), a psychotherapist was convicted of four counts of third-degree criminal sexual conduct by a psychotherapist against a patient (as well as one count of criminal sexual conduct unrelated to psychotherapy) based on evidence of multiple sexual acts on multiple dates with the same patient.  *Id.* at *1-4.  The state represents (based on its review of the district court file) that the district court in *Tong* applied the *Hernandez* method and imposed concurrent prison sentences with an aggregate duration of 180 months of imprisonment.  We have confirmed that the district court in *Tong* imposed concurrent presumptive

14

sentences of 62, 90, 153, and 180 months of imprisonment on the psychotherapy-related sex offenses. Meany's concurrent sentences, which will have an aggregate duration of no more than 90 months of imprisonment, will be, at most, only half of the aggregate duration of the sentences in *Tong*.

Thus, based on our collective experience in reviewing criminal-sexual-conduct convictions, we conclude that an aggregate prison sentence of no more than 90 months is not "unreasonable, inappropriate, excessive, [or] unjustifiably disparate." *See* Minn. Stat. § 244.11, subd. 2(b) (2022).

## IV. Duration of Conditional Release

Meany last argues that the district court erred by ordering conditional release for the remainder of his life rather than for only ten years.

If a defendant has been convicted of criminal sexual conduct for the first time, the district court must order that the defendant be placed on conditional release for ten years after his release from prison. Minn. Stat. § 609.3455, subd. 6 (2022). But if the defendant has "a previous or prior sex offense conviction," the defendant must be on conditional release "for the remainder of the offender's life." Minn. Stat. § 609.3455, subd. 7(b) (2022). For these purposes, another criminal-sexual-conduct conviction in the same case may constitute a "previous or prior sex offense conviction," so long as the multiple convictions occur sequentially. *State v. Nodes*, 863 N.W.2d 77, 79, 82 (Minn. 2015). But if a defendant's multiple convictions occur simultaneously, there are no previous or prior convictions for purposes of section 609.3455, subdivision 7(b). *State v. Brown*, 937

15

N.W.2d 146, 155-57 (Minn. App. 2019). A conviction occurs when a district court accepts a guilty plea and adjudicates the defendant guilty on the record. *Nodes*, 863 N.W.2d at 81.

At the plea hearing in this case, the district court initially stated, "the court will accept Mr. Meany's pleas to all counts four, five, six, and seven." The prosecutor interjected to clarify that the parties had agreed that the court should wait until sentencing to decide whether to record Meany's convictions sequentially or simultaneously. Based on the prosecutor's statement, the court changed its approach and stated, "to be clear, I'll hold off on accepting counts four, five, six, and seven." Meany's attorney did not object. At the subsequent sentencing hearing, the district court sequentially recorded Meany's four convictions and ordered lifetime conditional release.

On appeal, Meany does *not* argue that, at the *sentencing* hearing, the district court accepted his four guilty pleas and recorded his four convictions in a simultaneous manner. Rather, Meany contends that, at the *plea* hearing, the district court accepted his four guilty pleas in a simultaneous manner and "had no authority to rescind its simultaneous adjudications." Meany relies on *State v. Jeffries*, 806 N.W.2d 56 (Minn. 2011), in which the supreme court held that a district court erred by accepting a guilty plea at a plea hearing and by withdrawing its acceptance at the sentencing hearing. *Id.* at 62. The *Jeffries* opinion is distinguishable because the district court in this case did not wait until sentencing to withdraw its acceptance of Meany's guilty pleas. Rather, the district court changed its ruling at the plea hearing immediately after stating that it would accept the guilty pleas, based on information provided by the prosecutor concerning the parties' agreement. Meany does not cite any caselaw for the proposition that a district court may not reconsider

16

and change a decision immediately after it was orally stated on the record, before the hearing is adjourned. We are unaware of any such authority. It is not uncommon for a district court to correct or revise an oral statement during a hearing and for the parties to recognize the latter statement as the decision of the court. In this case, we construe the record to reflect that the district court did not accept Meany's guilty pleas at the plea hearing. Rather, the district court accepted Meany's guilty pleas at the sentencing hearing and recorded his convictions sequentially.

Thus, the district court did not err by ordering lifetime conditional release.

**Affirmed in part, reversed in part, and remanded.**