*This opinion is nonprecedential except as provided by
Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0900**

State of Minnesota,
Respondent,

vs.

Donnie Ray Bryant,
Appellant.

**Filed June 3, 2024
Affirmed
Johnson, Judge**

Hennepin County District Court
File No. 27-CR-22-17102

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, Mark V. Griffin, Senior Assistant County
Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Amy Lawler, Assistant Public
Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Johnson, Presiding Judge; Cochran, Judge; and Kirk,

Judge.*

---

*Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant
to Minn. Const. art. VI, § 10.

**JOHNSON**, Judge

Donnie Ray Bryant pleaded guilty to a charge of possession of a firearm by an ineligible person. The district court imposed a sentence of 60 months of imprisonment. We conclude that the district court did not err by denying Bryant's request for a downward dispositional departure. Therefore, we affirm.

## FACTS

On August 30, 2022, the state charged Bryant with two counts of possession of a firearm by an ineligible person, in violation of Minn. Stat. § 624.713, subd. 1(2) (2022). The state alleged in the complaint that, during the early-morning hours of the previous day, Bryant parked his vehicle in the emergency drop-off area at Abbott Northwestern Hospital and refused to move it. A security guard saw Bryant holding a firearm, and several security guards heard a sound from inside the vehicle that sounded like a gunshot. Bryant sped away. Shortly thereafter, police officers found Bryant's vehicle a short distance from the hospital, unoccupied with the engine running. Inside the vehicle, officers found a warm firearm and discharged casings. Officers later found Bryant walking nearby with another firearm on his person.

In January 2023, the state and Bryant entered into a plea agreement by which Bryant agreed to plead guilty to count 1 and the state agreed to dismiss count 2. At the plea hearing, Bryant requested that he be released pending sentencing so that he could participate in a chemical-dependency-treatment program, and the district court granted the request.

At sentencing, the state asked the district court to follow the probation officer's recommendation of a 60-month prison sentence. Bryant argued for a downward dispositional departure on the ground that he is particularly amenable to probation.[1] Bryant's attorney stated that Bryant had successfully completed a chemical-dependency-treatment program between the plea hearing and the sentencing hearing.

The district court denied Bryant's request for a downward dispositional departure. The district court stated that Bryant had committed a serious offense by not only unlawfully possessing a firearm but also discharging it. The district court also expressed doubt about Bryant's explanation to the probation officer concerning how he came into possession of the two firearms. The district court stated, "I do not find that the ability to remain sober is a substantial and compelling reason to depart in this case." The district court imposed a sentence of 60 months of imprisonment. Bryant appeals.

---

[1]We question whether a defendant who is guilty of possession of a firearm by an ineligible person pursuant to section 624.713, subdivision 1(2), may move for or otherwise request a downward dispositional departure. By statute, the mandatory minimum sentence for such an offense is 60 months of imprisonment. Minn. Stat. § 609.11, subd. 5(b) (2022). If the defendant does not have a prior conviction of the same offense, "*the prosecutor* may file a motion to have the defendant sentenced without regard to the mandatory minimum sentences." *Id.*, subd. 8(a) (emphasis added). Upon such a motion, *or on the district court's own motion*, the district court "may sentence the defendant without regard to the mandatory minimum sentences established by this section if the court finds substantial and compelling reasons to do so," in which event the sentence is considered "a departure from the Sentencing Guidelines." *Id.* The statute does not expressly allow *a defendant* to move for a downward departure from the statutory mandatory minimum sentence. In this case, the prosecutor did not file a motion for a downward departure from the statutory mandatory minimum sentence, and the district court did not make its own motion for such a sentence. Neither party has cited section 609.11, and both parties appear to assume that Bryant was not prohibited from requesting a downward dispositional departure. Accordingly, for purposes of this nonprecedential opinion, we will not consider whether, in light of section 609.11, Bryant may request a downward dispositional departure.

**DECISION**

Bryant argues that the district court erred by denying his request for a downward dispositional departure and by imposing an executed prison sentence.

The Minnesota Sentencing Guidelines prescribe presumptive sentences for felony offenses. Minn. Sent'g Guidelines 2.C (2022). For any particular offense, the guidelines sentence is "presumed to be appropriate for all typical cases sharing criminal history and offense severity characteristics." Minn. Sent'g Guidelines 1.B.13 (2022). Accordingly, a district court "must pronounce a sentence . . . within the applicable [presumptive] range . . . unless there exist identifiable, substantial, and compelling circumstances to support a departure." Minn. Sent'g Guidelines 2.D.1 (2022).

If a defendant requests a downward departure, a district court first must determine whether "'mitigating circumstances are present'" and, if so, whether "those circumstances provide a 'substantial[] and compelling' reason not to impose a guidelines sentence." *State v. Soto*, 855 N.W.2d 303, 308 (Minn. 2014) (alteration in original) (quoting *State v. Best*, 449 N.W.2d 426, 427 (Minn. 1989), and Minn. Sent'g Guidelines 2.D.1). If substantial and compelling reasons exist, the district court has discretion to order a downward departure. *Id.*; *Best*, 449 N.W.2d at 427. If a district court departs from the presumptive sentence, the district court is required to state the reason or reasons for the departure. Minn. Sent'g Guidelines 2.D.1.c. But if the district court does not depart, the district court is not required to state reasons for imposing a presumptive sentence. *State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013), *rev. denied* (Minn. Sept. 17, 2013); *State v. Van Ruler*, 378 N.W.2d 77, 80 (Minn. App. 1985). This court applies an abuse-of-discretion

4

standard of review to a district court's denial of a defendant's motion for a downward departure. *State v. Stempfley*, 900 N.W.2d 412, 417-18 (Minn. 2017); *State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006). Only in a "rare case" will we reverse a district court's imposition of a presumptive sentence. *Bertsch*, 707 N.W.2d at 668; *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

Bryant's primary argument is that the district court erred by determining that he is not particularly amenable to probation. Bryant asserts that mitigating factors are present, such as his admission of guilt, his acceptance of responsibility, and his success in inpatient and outpatient treatment.

The district court's statements at the sentencing hearing indicate that the district court did not believe that Bryant had fully accepted responsibility for his actions. The district court expressed doubt about the information that Bryant had conveyed to the probation officer, which tended to minimize his criminal conduct, by saying that "not everything makes sense to me" and that "there's a lot more to this story." The district court acknowledged Bryant's prior sobriety but indicated that Bryant is prone to relapse and that a relapse led to his criminal conduct in this case. The district court did not abuse its discretion by the manner in which it considered these factors.

Bryant also contends that the district court should have departed downward on the ground that other defendants convicted of firearm-possession offenses have received downward dispositional departures. The district court spoke to this issue at the sentencing hearing by noting that prosecutors sometimes agree to downward dispositional departures

5

but that the prosecutor in this case had not done so. Bryant's reference to other cases does not demonstrate that the district court abused its discretion by not departing in this case.

Bryant last contends that the district court should have departed downward on the ground that his conduct is less culpable than typical because he was experiencing a mental-health crisis and because he did not use the firearm in the commission of another crime. Bryan's state of mind at the time of the offense is less relevant to a motion for *dispositional* departure than a motion for a *durational* departure. *See State v. Rund*, 896 N.W.2d 527, 533-36 (Minn. 2017) (holding that district court erred by ordering downward durational departure based on offender-related factors); *State v. Solberg*, 882 N.W.2d 618, 621-27 (Minn. 2016) (holding that district court erred by ordering downward durational departure based on remorse); *State v. Chaklos*, 528 N.W.2d 225, 227-29 (Minn. 1995) (holding that district court did not err by ordering upward dispositional departure based on offense-related factor). In addition, the fact that Bryant did not commit other crimes does not make his offense of conviction less serious than the typical offense. The district court specifically noted that Bryant had discharged a firearm at least once and maybe twice on the date of the offense.

In sum, the district court did not err by denying Bryant's request for a downward dispositional departure and by imposing an executed prison sentence of 60 months.

**Affirmed.**