*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A24-1904**

State of Minnesota,
Respondent,

vs.

Jermaine Louis Fleming,
Appellant.

**Filed October 13, 2025
Affirmed
Johnson, Judge**

Ramsey County District Court
File No. 62-CR-24-641

Keith Ellison, Attorney General, St. Paul, Minnesota; and

John Choi, Ramsey County Attorney, Anna R. Light, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sara J. Euteneuer, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Worke, Judge; and Johnson, Judge.

**NONPRECEDENTIAL OPINION**

**JOHNSON**, Judge

Jermaine Louis Fleming pleaded guilty to unlawful possession of a firearm by an ineligible person. The district court imposed a sentence of 60 months of imprisonment.

We conclude that the district court did not err by denying Fleming's motion for a downward dispositional or downward durational departure. Therefore, we affirm.

**FACTS**

In January 2024, the state charged Fleming with four offenses: (1) possession of a firearm by an ineligible person, in violation of Minn. Stat. § 624.713, subd. 1(2) (2022); (2) possession of ammunition by an ineligible person, in violation of Minn. Stat. § 624.713, subd. 1(2); (3) fifth-degree controlled-substance crime based on his alleged possession of methamphetamine, in violation of Minn. Stat. § 152.025, subd. 2(1) (2022); and (4) fifth-degree controlled-substance crime based on his alleged possession of fentanyl, in violation of Minn. Stat. § 152.025, subd. 2(1).

The complaint alleged that, during the early morning hours of October 18, 2023, Fleming was in the front passenger seat of a vehicle that was stopped by St. Paul police officers because of a report that a shooting victim was inside the vehicle. The complaint also alleged that, after Fleming exited the vehicle, officers saw blue pills on the seat where he had been sitting, found a loaded .22-caliber revolver under the seat, and found a bag of blue pills and other items in Fleming's pockets. The complaint further alleged that one of the blue pills found in Fleming's pocket tested positive for fentanyl and that another substance found on Fleming tested positive for methamphetamine.

In April 2024, the parties entered into a plea agreement. Fleming agreed to plead guilty to the first charge, and the state agreed to dismiss the three remaining charges and to refrain from objecting to Fleming's request that he be released pending sentencing so that he could participate in an inpatient drug-treatment program. At a plea hearing, Fleming

2

admitted that he possessed the .22-caliber revolver that was found under the front passenger seat.  The district court accepted Fleming's plea and ordered his release pending sentencing, with conditions, including the conditions that he remain law-abiding and appear for sentencing in June 2024.

Before the date set for sentencing, Fleming filed a motion for a downward dispositional or downward durational departure.  But Fleming did not appear for sentencing as scheduled.  A warrant was issued for his arrest.  He was taken into custody in July 2024.

Fleming appeared for sentencing in September 2024.  He argued that he is particularly amenable to probation on the grounds that he has the support of his family, had completed an inpatient treatment program, was recommended for an intensive treatment program, and wants to continue treatment.  Fleming's attorney asserted that he failed to appear for the originally scheduled sentencing hearing because he did not receive any assistance in the transition following his discharge from the inpatient treatment program.  As an alternative argument, Fleming requested a downward durational departure of 30 months of imprisonment on the ground that his offense is less serious than typical.

In response, the state argued that Fleming is not particularly amenable to probation because he failed to appear for the originally scheduled sentencing hearing and committed a new offense between his plea and his sentencing.  The state also argued that Fleming is not entitled to a downward durational departure because his conduct—possession of a firearm by an ineligible person—is not less serious than the conduct typically associated with the offense.

3

Fleming spoke in allocution. He explained that he was not provided an after-care or step-down plan when he completed the inpatient treatment program but, rather, was simply dropped off at his home. He acknowledged, however, that the events following his discharge from the treatment program were his "fault" and that he "can't blame nobody else for me not following up."

The district court directly responded to Fleming by stating, "I can certainly understand and appreciate how frustrating going through that would have been," and by adding that Fleming was not given "the tools that [he] needed." But the district court also stated that "two things happened" that would inform its decision: "you didn't show up for court" and "you picked up a new charge." The district court continued by stating that Fleming violated conditions of his release even though he did not experience a relapse. The district court also reasoned that there is no information to suggest that Fleming's offense is less serious than the typical firearm-possession offense.

Accordingly, the district court denied Fleming's departure motion and imposed a sentence of 60 months of imprisonment. Fleming appeals.

## DECISION

Fleming argues that the district court erred by denying his motion for a downward departure from the presumptive sentence.

The Minnesota Sentencing Guidelines prescribe presumptive sentences for felony offenses. Minn. Sent'g Guidelines 2.C (Supp. 2023). For any particular offense, the guidelines sentence is "presumed to be appropriate for all typical cases sharing criminal history and offense severity characteristics." Minn. Sent'g Guidelines 1.B.13 (Supp.

4

2023). Accordingly, a district court "must pronounce a sentence . . . within the applicable [presumptive] range . . . unless there exist identifiable, substantial, and compelling circumstances to support a departure." Minn. Sent'g Guidelines 2.D.1 (Supp. 2023).

If a defendant requests a downward departure, a district court first must determine whether "'mitigating circumstances are present'" and, if so, whether "those circumstances provide a 'substantial[] and compelling' reason not to impose a guidelines sentence." *State v. Soto*, 855 N.W.2d 303, 308 (Minn. 2014) (alteration in original) (quoting *State v. Best*, 449 N.W.2d 426, 427 (Minn. 1989), and Minn. Sent'g Guidelines 2.D.1). If substantial and compelling reasons exist, the district court has discretion to order a downward departure. *Soto*, 855 N.W.2d at 308; *Best*, 449 N.W.2d at 427.

If a district court departs from the presumptive sentence, the district court is required to state the reason or reasons for the departure. Minn. Sent'g Guidelines 2.D.1.c (Supp. 2023). But if the district court does not depart, the district court is not required to state reasons for imposing a presumptive sentence. *State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013), *rev. denied* (Minn. Sept. 17, 2013); *State v. Van Ruler*, 378 N.W.2d 77, 80 (Minn. App. 1985).

This court applies an abuse-of-discretion standard of review to a district court's denial of a request for a downward departure. *Soto*, 855 N.W.2d at 307-08. Only in a "rare case" will an appellate court reverse a district court's imposition of a presumptive sentence. *State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006) (quoting *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981)).

In this case, Fleming argues that the district court erred by concluding that he is not particularly amenable to probation. Particular amenability to probation is one of the mitigating factors recognized in the sentencing guidelines as a basis for a downward dispositional departure. Minn. Sent'g Guidelines 2.D.3.a(7) (Supp. 2023). Particular amenability to probation is not established if the defendant is only somewhat amenable to probation. *Soto*, 855 N.W.2d at 308-09. Rather, the defendant must be "*particularly*" amenable to probation in a way that "distinguishes the defendant from most others and truly presents the substantial and compelling circumstances that are necessary to justify a departure." *Id.* at 309 (quotation omitted). In determining whether a defendant is particularly amenable to probation so as to justify a downward dispositional departure, a district court may consider, among other things, "the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family." *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982). A district court need not discuss all the *Trog* factors if the district court denies a motion for a downward dispositional departure. *State v. Pegel*, 795 N.W.2d 251, 254 (Minn. App. 2011).

The record shows that the district court carefully considered Fleming's departure motion and explained the reasons for its decision. The district court's two primary reasons for denying the motion are supported by the record, including the pre-sentence investigation report. Fleming does not dispute that he did not appear for the originally scheduled sentencing hearing. In addition, Fleming does not dispute that he was charged with and pleaded guilty to a new offense after pleading guilty in this case. At the sentencing hearing, Fleming's attorney provided the district court with certain facts to put the new

6

offense in context, and the district court acknowledged those facts and demonstrated that it understood the nature of the new offense.

On appeal, Fleming notes that he completed an inpatient treatment program between his plea and his sentencing and, in addition, argues that he is particularly amenable to probation because of the presence of several *Trog* factors. Specifically, he points to his age (42 years old), the "decayed" and "waning" nature of his record of prior convictions, his positive cooperation and positive attitude while in court, his remorse, and his support from family members and a dispositional advisor. Most of these *Trog* factors were not called to the district court's attention at the sentencing hearing. We need not consider whether the record supports Fleming's argument concerning the *Trog* factors because, even if the factors exist, they would not undermine the district court's reliance on the two specific recent events that demonstrate a lack of particular amenability to probation. Thus, the district court did not abuse its discretion by determining that Fleming is not particularly amenable to probation and by denying his motion for a downward dispositional departure.

Furthermore, the district court's reason for denying Fleming's alternative request for a downward durational departure is supported by the record. Fleming admitted to possessing a .22-caliber revolver despite being ineligible because of prior convictions. The complaint indicates that the revolver was loaded. At sentencing, Fleming's attorney did not identify any particular reason why Fleming's offense is less serious than typical. In addition, the district court's reasoning is consistent with the relevant caselaw. A durational departure is appropriate only if "the defendant's conduct in the offense of conviction was significantly more or less serious than that typically involved in the commission of the

7

crime in question." *State v. Hicks*, 864 N.W.2d 153, 156-57 (Minn. 2015) (quotations omitted). Thus, the district court did not abuse its discretion by determining that Fleming's offense is not less serious than the typical offense and by denying his alternative request for a downward durational departure.

**Affirmed.**